#14660110573

CARL E. MEYER JR., *pro se*
22120 Westwood Road
Fairview Park, Ohio 44126-1004
afterhourslegal.ohio@gmail.com
Phone: (614) 783-4576

FILED
2019 JAN -2 PM 1:10
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MISCELLANEOUS FIREARMS AND ACCESSORIES,<br><br>Defendant.<br><br>CARL EDWARD MEYER JR.,<br><br>Claimant. | Case No.<br><br>1:19 MC 1 <br><br>NOTICE OF MOTION AND MOTION FOR RETURN OF PROPERTY (FRCrP 41(g))<br><br>JUDGE PEARSON |

TO: UNITED STATES and UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that Claimant, CARL E. MEYER, JR., moves this Honorable Court pursuant to FRCrP 41(g) and *Henderson v. U.S.*, 135 S.Ct. 1780 (2015) to return his property seized, with his voluntary consent, on January 22, 2010, by the Federal Bureau of Investigation and transfer it to a third party authorized as attorney-in-fact to take temporary custody as determined by this Honorable Court for the sole purpose of liquidating said property via a duly licensed firearms dealer. The four (4) specific firearms and related accessories are identified in the accompanying points and authorities. This motion will be based on this notice, the accompanying motion and points and authorities, the declaration of Claimant, and any further

-1-

evidentiary evidence offered at said hearing. An evidentiary hearing is not requested at this time, but Claimant reserves the right to request an evidentiary hearing if any responding party raises controverted material issues of fact for which a hearing would be appropriate.

DATED: January 2, 2019

Respectfully submitted,

*[signature]*
Carl E. Meyer Jr.
*Pro Se* Claimant

## MOTION FOR RETURN OF PROPERTY AND
## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I. Statement of Facts

#### A. FBI Investigation and State of California Criminal Proceedings

1. On January 22, 2010, with the good faith intention to cooperate with the Federal Bureau of Investigation (hereinafter "FBI") and assist with its investigation, whether actual or perceived, Claimant, a permanent resident of the State of Nevada,[1] requested a meeting with the FBI at its field office in Sacramento, California. During the course of the meeting, it became apparent to Claimant that he was the subject of the FBI's investigation as opposed to a collateral resource. With the good faith intention to provide complete transparency, Claimant voluntarily invited several Special Agents of the FBI into his part-time transient place of residence in Sacramento, California, opening his residence for full and unfettered inspection. Claimant was duly advised of his rights regarding search and seizure and his right to end the search at any time; Claimant voluntarily waived his rights, in writing, in favor of transparency and disclosure.

---

[1] While Claimant established *de facto* permanent residency in the State of Nevada upon his relocation from Ohio on February 2, 2005, Claimant did not establish *de jure* permanent residency until March 6, 2009, upon the filing of application forms with the Nevada Department of Motor Vehicles and the Nevada Registrar of Voters.

-2-

2. On said date, the FBI seized several articles of property from Claimant, including a laptop computer, various documents, and eight (8) firearms with related accessories.[1] Exh. A. All articles were returned piecemeal to Claimant in the months that followed with the exception for four (4) firearms and their related accessories. Said four (4) firearms were determined to be unlawful for possession in the State of California, defined as "assault weapons" pursuant to then California Penal Code §12276, now repealed and replaced with the more expansive California Penal Code §§30510, 30515. While the FBI transferred the investigation over to the Sacramento County District Attorney, it retained possession and custody of said firearms.

3. On April 7, 2010, Claimant pled guilty in the Sacramento County Superior Court to a violation of California Penal Code §12280(a)(1), a felony.[2] Exh. B. Claimant was sentenced to one hundred eighty (180) days county jail and placed on four (4) years formal probation. However, Claimant satisfied his sentence by serving ninety (90) days on work furlough, and Claimant's probation was terminated early after one (1) year and eleven (11) months on March 16, 2012, pursuant to California Penal Code §1203.3, with the recommendation of the presiding judge over his prosecution. Exh. C. On November 21, 2017, Claimant's conviction was dismissed and expunged from his record for good cause by the Sacramento County Superior Court pursuant to California Penal Code §1203.4, with the recommendation of the judge who chaired over his moral character and fitness hearing for bar admission to the Supreme Court of Ohio. Exh. D.

**B.  FBI Administrative Property Claim**

4. On January 7, 2016, Claimant received certified notice from the FBI of a deadline to file a claim to return the seized firearms and related accessories. Exh. E. On January 15, 2016, Claimant filed a certified claim with the FBI for the return of the seized firearms and accessories (Exh. F), to which the FBI acknowledged on February 18, 2016. Exh. G. On May 7,

---

[1] Two (2) pistols were used in the scope of Claimant's professional duties as a California-licensed para-law enforcement officer/security guard. The other one (1) pistol, two (2) shotguns, and three (3) long rifles were part of Claimant's personal collection.

[2] *People v. Meyer*, Sacramento County Superior Court, Case No. 10F00924 (Feb. 2, 2010).

-3-

Motion for Return of Property
*U.S. v. Misc. Firearms & Access.*

2018, Claimant received certified notice from the FBI that the claim for return of the firearms and accessories was approved conditional upon this Honorable Court's granting of this Motion ordering the FBI to exercise its claim approval pursuant to 41 CFR §128-48.503. Exh. H.

5. Claimant seeks return of the following items with reference to the item numbers on the FBI's "Item List for Abandonment Notice" dated December 31, 2015 (Exh. E):

| Item per FBI Receipt | Description |
|---|---|
| 1 | **Firearm:** 1943 Underwood Elliott-Fisher M1 Carbine Rifle (.30 Caliber, Serial No. 2673265)<br>**Accessories:** M1 Carbine WWII Paratrooper Folding Stock Kit; Optics Scope |
| 2 | **Firearm:** 2008 Izhmash Saiga-12 AK-Style Shotgun (12-gauge, Serial No. H08443526)<br>**Accessories:** Tapco T6 Collapsible Intrafuse Stock Kit |
| 3 | **Firearm:** 2009 Bushmaster XM15-E2S A2 16-Inch AR-15 Rifle (.223 Caliber, Serial No. BFI611709)<br>**Accessories:** Grip Pod Systems GPS-02 Retractable Bipod, Holographic Optic Sight |
| 4 | **Firearm:** 2008 Arsenal Saiga SGL20 AK-Style Rifle (7.62x39 Caliber, Serial No. L08105128)<br>**Accessories:** Tapco T6 Collapsible Intrafuse Stock Kit; Holographic Optic Sight |
| 5 | **Accessories:** Beta C 100-round .223 Drum (Quantity: 1) |
| 6 | **Accessories:** MD Arms 20-round 12-gauge Drum (Quantity: 1) |
| 7 | **Accessories:** AK47 75-round 7.62x39 caliber Drum (Quantity: 2) |
| 8 | **Accessories:** Bushmaster Blued Steel 30-round .223 Magazines (Quantity: 4) |
| 9 | **Accessories:** Para Ordnance 14.45LDA 14-round .45ACP caliber Magazines (Quantity: 2) |

## C. Conclusory Statement of Facts

6. No need exists for the FBI to continue to maintain possession of the firearms and related accessories taken from Claimant's possession. They are not necessary for the prosecution of the State of California criminal case that arose out of this investigation; Claimant's state case has been fully adjudicated and dismissed.

7. All of the firearms and related accessories Claimant seeks returned were lawfully purchased, registered and owned by Claimant at the time of seizure by the FBI, except that Claimant unlawfully possessed them under local regulations when he temporarily brought

-4-

Motion for Return of Property
*U.S. v. Misc. Firearms & Access.*

them into the State of California from the State of Nevada for leisure target range shooting with his colleagues and friends.

8. On December 17, 2018, Claimant was given notice by Assistant General Counsel John Allender of the FBI that said firearms and accessories had been transferred from the FBI's Sacramento Division Field Office to its Cleveland Division Field Office to facilitate possessory transfer.

9. Neither the State of Ohio nor any local political subdivisions prohibit the legal ownership, possession or control of said firearms and accessories by law-abiding civilians with no statutorily-defined criminal history prohibiting such, allowing for the transfer of Claimant's property to a temporarily authorized third party attorney-in-fact.

10. Therefore, Claimant seeks return of the items identified in Paragraph 5.

## II. Law and Argument in Support of Motion for Return of Property

11. Federal Rule of Criminal Procedure 41(g) provides in full:

"Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

12. Code of Federal Regulations, Title 41, Section 128-48.503(a) provides in full:

"Claims shall be sworn and shall include the following information in clear and concise terms: (1) A complete description of the property including serial numbers, if any. (2) The interest of the claimant in the property, as owner, mortgagee, or otherwise, to be supported by bills of sale, contracts, mortgages, or other satisfactory documentary evidence. (3) The facts and circumstances, to be established by satisfactory proof, relied upon by the claimant to justify the granting of the claim."

13. As sole lawful owner of the property, Claimant has been aggrieved by the deprivation of the itemized property and no reasonable conditions are necessary to protect the

-5-

Motion for Return of Property
*U.S. v. Misc. Firearms & Access.*

government's access to the property for use in later proceedings. While Claimant is prohibited from *possessing* the items he seeks to have returned pursuant to 18 U.S.C. §922(g), as lawful and current owner of the property, Claimant has the right to *transfer* the property to a third party authorized as attorney-in-fact to take temporary custody and possession as determined by this Honorable Court for the sole purpose of liquidating said property via a duly licensed firearms dealer pursuant to *Henderson v. U.S.*, 135 S.Ct. 1780 (2015).

14. The FBI approved the possessory transfer of Claimant's property to an authorized third party pursuant to its administrative decision dated April 20, 2018.

**WHEREFORE**, it is respectfully requested that this Honorable Court grant this Motion pursuant to FRCrP 41(g) and *Henderson v. U.S.* to return the four (4) firearms and related accessories described above, and order the FBI to transfer said firearms and related accessories to an authorized third party attorney-in-fact, as approved by this Honorable Court, for a temporary period of time, as determined by this Honorable Court, for the sole purpose of selling the firearms and related accessories via a duly licensed firearms dealer.

DATED: January 2, 2019

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

*[signature]*
Carl E. Meyer Jr.
*Pro Se* Claimant/Declarant

State of Ohio }
County of Cuyahoga } ss

Sworn to before me and subscribed in my presence by the above-named Carl E. Meyer Jr. this January 2, 2019.

*[signature]* Travis L. Evans
Notary Public
My Commission Expires: _____

Motion for Return of Property
*U.S. v. Misc. Firearms & Access.*